# Mississippi Electronic Courts
## Seventh Circuit Court District (Hinds Circuit Court - Jackson)
### CIVIL DOCKET FOR CASE #: 25CI1:25-cv-00683-EFP

| | |
|---|---|
| JONES v. WAFFLE HOUSE, INC et al | Date Filed: 08/28/2025 |
| Assigned to: Judge Eleanor Faye Peterson | Current Days Pending: 18 |
| | Total Case Age: 18 |
| **Upcoming Settings:** | Jury Demand: None |
| | Nature of Suit: Premises Liability (187) |
| None Found | |

**Plaintiff**

RAVEN JONES   represented by   **Marcus A. Williams**
Williams & Bass, PLLC
P.O. Box 12889
JACKSON, MS 39236
601-398-2266
Fax: 601-351-5496
Email: mwilliams@williamsbass.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

WAFFLE HOUSE, INC

**Defendant**

JOHN DOES 1-5

| Date Filed | # | Docket Text |
|---|---|---|
| 08/28/2025 | 2 | COMPLAINT against JOHN DOES 1-5, WAFFLE HOUSE, INC, filed by RAVEN JONES. (Attachments: # 1 Civil Cover Sheet,) (RH) (Entered: 08/28/2025) |
| 08/28/2025 | 3 | SUMMONS Issued to RAVEN JONES. (RH) (Entered: 08/28/2025) |

| MEC Service Center |
|---|
| Transaction Receipt |
| 09/15/2025 10:56:35 |
| You will be charged $0.20 per page to view or print documents. |



EXHIBIT A

| MEC Login: | at106704M | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 25CI1:25-cv-00683-EFP |
| Billable Pages: | 1 | Cost: | 0.20 |

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

RAVEN JONES                                                                                           PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 25-683

WAFFLE HOUSE, INC.;
AND JOHN DOES 1-5                                                                               DEFENDANTS

## COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Raven Jones (hereinafter "Plaintiff"), by and through his counsel, and files this Complaint against Defendants, Waffle House, Inc. and John Does 1-5 and in support thereof, would show unto this Honorable Court the following:

### PARTIES

1. Plaintiff, Raven Jones is an adult resident citizen of Houston, Texas.

2. Defendant, Waffle House, Inc. (hereinafter "Waffle House") is a foreign corporation doing business in the State of Mississippi and may be served with process by and through their registered agent Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

3. John Does 1-5 are those individuals or entities whose names are presently unknown to Plaintiff. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants John Does 1-5, inclusive, are unknown to Plaintiff at this time. Plaintiff reserves the right to amend the Complaint.

4. Plaintiff reserves the right to identify and/ or change the identity of these Defendants based on further investigation or any pre-trial discovery conducted in this action

### JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the parties and subject matter jurisdiction

1

over this cause.

6. Venue in Hinds County, Mississippi is proper pursuant to Miss. Code Ann. §11-11-3(a)(i) as it is the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

## FACTS

7. At all pertinent times, Waffle House Inc, owned, possessed, and/or managed the Waffle House located at 4800 Hwy 18 W, Jackson, Mississippi 39209.

8. Since 2017, multiple incidents and similar violent conduct have required the Jackson Police Department to respond to the Waffle House or in the immediate vicinity of the property. These incidents include: armed robberies, house burglaries, threats, assaults, and shootings.

9. In 2022, Defendants knew, or should have known, there had been violent criminal activity on and around the Waffle Hosue premises that warranted and required security measures to be put in place to deter or combat the criminal activity occurring.

10. Despite this knowledge, Defendants chose not to adequately or timely warn Waffle House visitors and other invitees of these known dangers and chose not to provide or implement security measures to protect residents and invitees.

11. On or about October 21, 2022, unknown assailants, who, upon information and belief, were trespassers, shot and injured Plaintiff at the Waffle House without provocation while she was a visitor on the premises.

12. If adequate security measures had been provided on the premises, Plaintiff would not have been shot and injured.

13. At all pertinent times Waffle House, Inc. were the owners, operators, and/or managers of the Waffle House and held a duty to Raven Jones and other visitors and invitees to

make sure that the property, was secure and safe, fit for their particular purpose, and that reasonable security measures were provided and maintained so that all invitees would be safe to enter the premises and move about the property without being injured.

14. Defendants, at all relevant times, had specific control and authority to make management decisions material to the personal safety and security of Plaintiff. Defendants, at all relevant times, had specific control and authority to make management decisions pertaining to the hiring, firing, and suspension of employees and security at the Waffle House.

15. Defendants knew that criminal activity had occurred and continued to occur in the vicinity and on the premises, and in fact, promoted and impelled the criminal activity to their benefit and profit, which led to a known and/or reasonably foreseeable atmosphere of violence on the premises and in the vicinity of the Waffle House. Despite this notice, Defendants failed to take reasonable measures to timely and adequately warn and/ or prevent foreseeable criminal attacks against invitees, such as Plaintiff and other invitees.

16. Defendants did not fulfill their duty to use reasonable care to take adequate and reasonable security precautions or measures to protect invitees at Waffle House and the premises surrounding the Waffle House from foreseeable harm and danger, including the harm suffered by the Plaintiff.

### NEGLIGENCE OF DEFENDANT WAFFLE HOUSE, INC.

17. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 above, as if set forth in full hereinafter.

18. While on the Waffle House Premises, Plaintiff, was an invitee and visitor who Defendants allowed to be shot and injured by a third person. Therefore, Defendants owed Plaintiff a duty to exercise reasonable care to keep the premises reasonably safe and breached said duty through the following:

3

(a) Failure to audit, inspect and/or assess the safety and security of the Waffle House premises and surrounding premises;

(b) Failure to provide reasonable security measures for the protection of Plaintiff and all other invitees and visitors of Waffle House;

(c) Failure to protect the Waffle House premises from reasonably foreseeable harm and injury to its invitees by the activity of a third party;

(d) Failure to provide adequate security personnel; failure to hire, supervise, and maintain security on the property;

(e) Failure to provide adequate instruction and supervision to employees and management regarding the adequacy of security service for the property;

(f) failure to prevent loiterers and trespassers from entering and gathering on the property; failure to remove loiterers and trespassers from the property, including the parking and common areas; and failure to maintain all security devices.

(g) Carelessly and/or negligently failing to exercise reasonable care to properly maintain the premises in a reasonably safe condition;

(h) Failing to adequately inspect and maintain the premises;

(i) Negligence *per se*;

(j) Other acts of negligence will be shown at trial.

19. Prior to October 21, 2022, Defendants had cause to anticipate, actual, and constructive knowledge of a pattern of criminal activity and that an atmosphere of violence existed on Waffle House premises and the premises surrounding the Waffle House.

20. Despite their knowledge of prior unsafe conditions on and in the vicinity of the premises, Defendants failed to exercise reasonable care to keep the premises reasonably safe; took insufficient measures to warn or provide notice of prior violent criminal activity that had occurred

4

on and in the vicinity of Waffle House premises; failed to warn Plaintiff and other invitees that loiters and trespassers were not removed or forced to leave the premises; failed to remedy or repair the unsafe conditions and security inadequacies; failed to hire employees that would not contribute to the atmosphere of crime and violence which existed on the property.

21. Prior to October 21, 2022, Defendants had cause to anticipate, actual and constructive knowledge of the assailant Donte Porter's violent nature and criminal activity on the premises.

22. Despite their knowledge of previous violent and criminal activity on the premises, Defendants failed to exercise reasonable care to keep the premises reasonably safe; failed to implement security measures to deter or combat the unknown assailants and others violent nature and criminal activity on the premises; impelled and promoted the criminal activity; failed to warn Plaintiff and other invitees that loiters and trespassers such as the unknown assailants would not be removed or forced to leave the premises; and failed to hire employees that would not contribute to the atmosphere of crime and violence which existed on the property.

23. Plaintiff's injuries occurred as a result and proximate consequence of Defendants' negligence; breach of duty of care; failure to warn of past and foreseeable criminal activity on the premises; negligence and failure to remove trespassers, and the unknown assailants from the property, despite Defendants actual and constructive knowledge of prior criminal violence against residents on the property involving trespassers.

### NEGLIGENCE/PREMISES LIABILITY OF JOHN DOES 1-5

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 above, as if set forth in full hereinafter.

25. John Does 1-5 are alleged security services, security companies, or other owners, managers, or operators of the Waffle House who may have negligently acted, or otherwise been a

contributing cause to the injuries of the Plaintiff. John Does 1-5 may have been employed or acting as security or other owners and/or property managers and not on the property at the time of Plaintiff's injuries. John Does 1-5 will be named when, and if, they are located and found to be party to this cause.

26. At the time of the injuries to Plaintiff, all Defendants failed to fulfill their joint, several, and/or collective duties of providing ordinary, reasonable security precautions or measures and to repair and maintain the property and to take other such reasonable security precautions or measures to protect residents and invitees from foreseeable harm and danger, including the harm suffered by Plaintiff.

## DAMAGES

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 above, as if set forth in full hereinafter.

28. As a direct and proximate cause of the negligence of Defendants, Plaintiff suffered compensatory damages and requests an award for damages for the following:

(a) Past, present, and future pain and suffering;

(b) Past, present and future medical expenses;

(c) Past, present and future loss of wages or wage earning capacity;

(d) Past, Present and Future loss of enjoyment of life and sleep;

(e) Permanent scarring and/or impairment, if any;

(f) Permanent disability, if any;

(g) Past, present, and future emotional distress and mental anguish;

(h) Attorney's fees;

(i) Pre-judgment interest;

(j) All costs of this Court, and;

(k) Any other relief to which he may be entitled.

29. All the above damages were directly and proximately caused by the aforementioned negligence of the Defendants were incurred without contributory negligence, comparative fault or assumption of the risk on the part of Plaintiff.

## PUNITIVE DAMAGES

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 above, as if set forth in full hereinafter.

31. Defendants, individually, jointly, and severally, owed to the Plaintiff an ordinary duty of care. Defendants knowingly and repeatedly failed to protect Plaintiff and similarly-situated invitees of Waffle House and its premises, from foreseeable criminal attacks. With their knowledge of the assailant Donte Porter's frequency of violent criminal activity on the premises and knowledge of violent criminal activity in the vicinity of the premises, Defendants chose to foster an environment that encouraged third party violent criminal attacks upon Waffle House's invitees. Despite this knowledge, Defendants intentionally disregarded their duties to make the premises safe and to adequately warn Plaintiff and other invitees of such danger, and further refused to provide and implement adequate security measures to protect against and deter the exact harm that Plaintiff ultimately suffered. Due to Defendants' gross negligence, Plaintiff was assaulted in a manner that could have been prevented, halted, or interrupted had the Defendants provided adequate security and warnings of third-party criminal activity on the premises. Defendants knew that an atmosphere of violence existed at Waffle House, yet Defendants took no course of action to ensure the safety of its invitees. Defendants' conduct was grossly negligent with willful and reckless disregard for the safety of Waffle House's invitees and visitors, including Plaintiff, and justifies an award of punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff brings this action and demands

a trial by jury and seeks judgment of and from Defendants listed above to adequately compensate Plaintiff for her injuries and for any other relief.

    This the _____ day of August, 2025.

                                      **RAVEN JONES,** PLAINTIFF

                    BY: _____
                           MARCUS A. WILLIAMS, MSB #104817

OF COUNSEL:

Marcus A. Williams (MSB #104817)
mwilliams@williamsbass.com
Kevin B. Bass (MSB #103968)
kbass@williamsbass.com
WILLIAMS & BASS, PLLC
Post Office Box 12889
Jackson, Mississippi 39236
Telephone: (601) 398-2266
Fax: (601) 351-5496

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01 (Rev 2020)
Administrative Office of Courts

**Court Identification Docket #:** County # 25, Judicial District 1, Court ID CI
**Case Year:** 2025
**Docket Number:** 683

**Date completed by clerk:** Month 08, Date 28, Year 25

In the **CIRCUIT** Court of **HINDS** County — **FIRST** Judicial District

### Origin of Suit
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

### Plaintiff
**Individual:** Last Name: Jones, First Name: Raven

**Address of Plaintiff:**

**Attorney (Name & Address):** Marcus Williams P.O. Box 1289, Jackson, MS 39236
**MS Bar No.:** 104817

Signature of Individual Filing: *(signed)*

### Defendant
**Business:** Waffle House, Inc.

### Nature of Suit

**Real Property:**
- [X] Premises Liability

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

RAVEN JONES                                                                 PLAINTIFF

VS.                                                      CIVIL ACTION NO.: 25-683

WAFFLE HOUSE, INC.
AND JOHN DOES NOS. 1-5                                       DEFENDANTS

## SUMMONS

To:    Any person lawfully authorized to serve a Summons Greetings:
You are hereby commanded to summons:

**WAFFLE HOUSE, INC.**
**By and through its Agent for Service of Process:**

**Corporation Service Company**
**109 Executive Drive, Suite 3**
**Madison, Mississippi 39110**

## NOTICE TO DEFENDANT

THE COMPLAINT, WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS BY FILING YOUR ANSWER AS PROVIDED BY LAW AND/OR THE MISSISSIPPI RULES OF CIVIL PROCEDURE.

**AN ANSWER MUST BE FILED AS PROVIDED BY LAW AND/OR THE MISSISSIPPI RULES OF CIVIL PROCEDURE WITHIN THIRTY (30) DAYS OF THE DATE YOU ARE SERVED OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.**

Issued at the Request of:

MARCUS WLLIAMS (MSB #104817)
KEVIN BASS (MSB #103968)
WILLIAMS & BASS, PLLC
POST OFFICE BOX 12889
JACKSON, MISSISSIPPI 39236
TELEPHONE: (601) 398-2266
FASCIMILE: (601) 351-5496
EMAIL: mwilliams@williamsbass.com

ATTORNEYS FOR PLAINTIFFS

Zack Wallace, Circuit Clerk
Hinds County Circuit Court
407 Pascagoula Street
Jackson, Mississippi 39201

By: _Rona Holy_ D.C.
Date: 8-28-25