**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**RAVEN JONES**                                                              **PLAINTIFF**

**vs.**                                                              **CAUSE No.: 3:25-CV-00704-HTW-LGI**

**WAFFLE HOUSE, INC. and
JOHN DOES 1-5**                                                              **DEFENDANTS**

---

## ORDER

---

BEFORE THIS COURT is Plaintiff Raven Jones's ("Plaintiff") Motion to Remand [Docket No. 3] and accompanying Memorandum Brief in Support [Docket No. 4], said papers being filed on October 15, 2025. On October 28, 2025, Defendant Waffle House, Inc. ("Waffle House") submitted its Brief in Opposition to Plaintiff's Motion to Remand [Docket No. 8]. Plaintiff countered by filing her Reply to Defendant's Brief in Opposition [Docket No. 9] on November 4, 2025. This court, having evaluated the arguments of counsel, the record of this matter, and the controlling legislative and jurisprudential authorities, finds that Plaintiff's Motion to Remand [Docket No. 3] is not well-taken and must be DENIED.

## I.      JURISDICTION

This court has federal subject-matter jurisdiction over this civil dispute pursuant to the diversity-of-citizenship statutory grant, codified at Title 28, U.S.C. § 1332[1], which requires complete diversity of citizenship between all named plaintiffs and all named defendants, and an amount in controversy that exceeds the threshold of $75,000, exclusive of interest and costs.

---

[1] **28 U.S.C. § 1332** provides, in pertinent part: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state..."

The record reflects, and Plaintiff does not contest, that the requirements of diversity jurisdiction are fully satisfied here. Plaintiff Raven Jones is a citizen of the State of Mississippi. Defendant Waffle House is a corporate entity organized under the laws of the State of Georgia with its principal place of business in Norcross, Georgia; it is, therefore, a citizen of Georgia for jurisdictional purposes. The presence of fictitious "John Does" defendants does not frustrate diversity jurisdiction, because the federal removal statute explicitly instructs courts to disregard the citizenship of defendants sued under fictitious names. *See* 28 U.S.C. §1441(b)[2]. Plaintiff's state-court complaint, furthermore, seeks unliquidated damages in the form of punitive damages; medical damages; damages for past, present and future loss of wages; past, present and future emotional distress and mental anguish; permanent scarring and/or impairment; permanent disability; past, present and future medical expenses; pain and suffering and medical expenses, allegedly arising from an incident at a Waffle House establishment that seemingly comfortably exceed the $75,000 statutory minimum.

## II.    BACKGROUND

### A.  Factual Background

This lawsuit originates from a personal injury claim. Plaintiff Raven Jones alleges that she sustained a potpourri of physical injuries while on the premises of a Waffle House restaurant located in Jackson, Mississippi. Seeking financial redress for defendant's tortious conduct, Plaintiff initiated this civil action against Waffle House and John Does 1–5 in the Circuit Court of Hinds County, Mississippi.

---

[2] **28 U.S.C. § 1441 provides:** "(b) Citizenship of Defendants Sued Under Fictitious Names.—(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

## B.  Procedural Background

After Plaintiff filed her Complaint in state court, but before Plaintiff attempted formal service of process, and before she provided any official statutory notice to Defendant, Waffle House discovered the existence of the state court lawsuit through monitoring public electronic dockets[3].

On October 1, 2025, Waffle House filed a Notice of Removal in this court [Docket no. 1], invoking federal diversity jurisdiction. At the time of removal, Waffle House had not received formal service of the summons or the complaint.

Plaintiff quickly challenged this procedural removal maneuver. On October 15, 2025, Plaintiff filed her Motion to Remand [Docket No. 3], contending that Waffle House had executed a "premature removal" that was procedurally defective. Plaintiff maintains that an unserved entity lacks the legal status of a "defendant" under federal removal rules, meaning it cannot invoke this court's jurisdiction as a non-served defendant. Waffle House opposes the motion, asserting that both statutory language and binding Fifth Circuit precedent fully validate pre-service removal.

## III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only that power authorized by the United States Constitution and federal statutes[4]. A state court defendant may remove a civil case to federal district court if the federal court possesses original subject-matter jurisdiction over

---

[3] Plaintiff, by way of her Memorandum Brief in Support of Remand, argues that large firms pay for services that notify them whenever a lawsuit is filed in order to "game the justice system.". Docket no. 4 at 2.

[4] **U.S. Const. art. III, § 2** commands: "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiration and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State;—between Citizens of different States;—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects."

the controversy[5]. The party seeking removal bears the burden of establishing that federal subject matter jurisdiction exists and that the removal procedure complied with statutory mandates. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

The federal removal framework is governed by Title 28, United States Code, Sections 1441, 1446, and 1448. The United States Court of Appeals for the Fifth Circuit demands a strict construction of these removal statutes, instructing district courts under principles of comity with state courts, to resolve any doubts or ambiguities regarding the propriety of removal in favor of remanding the case to state court. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). If a defendant removes a case with a procedural defect, the plaintiff may file a timely motion to remand within thirty days of the removal date under Section 1447(c)[6].

## IV.    DISCUSSION

The core legal issue presented by this motion is straightforward: Whether the federal removal framework allow a named defendant to remove a state-court lawsuit to federal court before the plaintiff has served that defendant with formal process? Plaintiff responds that an unserved entity is not yet a "defendant" under Title 28, United States Code, Section 1441(a), and, thus, cannot exercise removal power.

Waffle House sharply disagrees, counter-arguing that the plain text of the removal statutes, namely §§1441, 1446 and 1448,  contain no assertion of a service requirement. Further, continues

---

[5] **28 U.S.C. § 1441(a)** states: "(a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[6] **28 U.S.C. § 1447(c)** states: "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Waffle House, Fifth Circuit jurisprudence explicitly authorizes pre-service removals. Having reviewed the subject removal statutes and the abundant case law, this court agrees with Waffle House.

Plaintiff relies on the United States Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) to support her position. In *Murphy Bros.*, the Supreme Court stated that a court cannot exercise power over a named party until formal service of process occurs, or until the party waives service. *Id*. at 350. Plaintiff uses this remark to argue that Waffle House was merely a "named party" without any legal standing to act when it removed the case.

Plaintiff, however, has misapplied the holding of *Murphy Bros.* The United States Supreme Court in *Murphy Bros.* addressed a narrow question: When does the thirty-day statutory window for a defendant to remove a case begin to run under Section 1446(b)? *Id*. at 347 The Court held that informal receipt of a complaint, without formal service, does not start this thirty-day countdown against an unwilling defendant. *Id* at 347-348. The Supreme Court sought to prevent a plaintiff from unfairly shortening a defendant's removal window through informal delivery. *Murphy Bros.* did not address whether an unserved defendant could voluntarily choose to waive formal service and remove an action early.

The clear language of Section 1441(a) permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[7] The text identifies only one condition precedent: a civil action must be "brought" in state court. Under Mississippi law, a party brings a civil action simply by filing a complaint with the court. Miss. R.

---

[7] *See* fn. 4.

Civ. P. 3 (a)[8]. The federal statute states that the action "may be removed by the defendant or the defendants;" it does not state that it must be removed by a "served defendant."

Section 1446(b)(1)[9] confirms that service is not a prerequisite to removal. It commands that a notice of removal must be filed within thirty days after the defendant receives a copy of the initial pleading "through service or otherwise." The inclusion of the phrase "or otherwise" shows that Congress anticipated defendants learning about lawsuits through means outside of formal service, such as digital docket tracking, and choosing to remove immediately. See *Murphy Bros*.

This court notes further that §1448[10] details the mechanics of completing service of process *after* removal has occurred. It provides that "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process... such process or service may be completed or new process issued in the same manner as in cases originally filed in district court."  This text confirms that the absence of completed service at the time of removal does not make the removal defective; rather, it creates a scenario where service can be finalized under federal rules.

---

[8] **Miss. R. Civ. P. 3(a).** The state procedural framework governing the initiation of a lawsuit provides:"(a) How Commenced. A civil action is commenced by filing a complaint with the court."

[9] **28 U.S.C. § 1446 (b)(1)** states:"(b) Requirements; Time Period.—(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

[10] **28 U.S.C.A. § 1448 states**: "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case."

The United States Court of Appeals for the Fifth Circuit addressed this statutory interplay in *Delgado v. Shell Oil Co.*, 231 F.3d 165 (5th Cir. 2000). The Fifth Circuit interpreted Section 1446(b) and held that "service of process is not an absolute prerequisite to removal.". The panel explained that the statutory language "consciously reflect[s] a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served.".

Plaintiff, in her submissions, attempts to distinguish *Delgado* by arguing that it involved a multi-defendant "snap removal," where a served defendant removed a case before a forum defendant could be served. Plaintiff notes that in this case, unlike *Delgado*, no defendant had been served at all when Waffle House removed it.

This distinction lacks a legal difference under the plain text of the removal statutes. The statutory interpretation established in *Delgado* applies universally: service is not an absolute prerequisite to removal. District courts across the Southern District of Mississippi consistently apply this rule to uphold pre-service removals by sole or multiple unserved defendants. For example, in *Pace v. Cirrus Design Corp.*, No. 3:22-CV-685-KHJ-MTP, 2023 WL 5624074, at *1 (S.D. Miss. Aug. 10, 2023), *aff'd on snap removal grounds*, No. 23-60465, 2024 WL 2817567 (5th Cir. June 3, 2024), the court explicitly sanctioned pre-service removal. *See also Chastain v. New Orleans Paddlewheels, Inc.,* No. CV 21-1581, 2021 WL 5578443, at *4 (E.D. La. Nov. 30, 2021) ("The Fifth Circuit has upheld the right of a defendant to remove a case to federal court prior to formal service."); *Hotard v. Avondale Indus., Inc.,* No. CV 20-1877, 2020 WL 5088639, at *3 (E.D. La. Aug. 28, 2020) ("This practice, commonly called 'snap removal,' has been sanctioned by the United States Court of Appeals for the Fifth Circuit."); *Henry v. Clarkson*, No. CV 20-2628, 2020 WL 7245065, at *1 (E.D. La. Dec. 9, 2020) ("Thus, Indian Harbor's removal in this case was proper because Indian Harbor is a non-forum defendant that removed the case to federal court before the forum defendant,

Defendant Doe, was served."); *Ellis v. Mississippi Farm Bureau Cas. Ins. Co.*, No. CV 20-1012, 2020 WL 2466247, at *1 (E.D. La. May 13, 2020); *Ott v. Consol. Freightways Corp. of Delaware*, 213 F. Supp. 2d 662, 667 (S.D. Miss. 2002); *Kelly v. Dedicated Logistics, LLC*, No. 4:16-CV-215-DMB-JMV, 2017 WL 3880317, at *3 (N.D. Miss. Sept. 5, 2017).

Waffle House has carried its burden to show federal diversity jurisdiction. It established complete diversity of citizenship and a facially adequate amount in controversy. The plain language of Sections 1441, 1446, and 1448 does not require service of process prior to removal; further, Fifth Circuit authority firmly supports this rule. Accordingly, this court finds that the removal executed by Waffle House was procedurally proper.

## V.    CONCLUSION

The federal removal statutory framework allows a named defendant to remove a state court civil action before formal service of process occurs, provided that federal subject-matter jurisdiction exists. Defendant Waffle House, Inc. properly established federal diversity jurisdiction and complied with the removal rules.

IT IS, THEREFORE, ORDERED that Plaintiff Raven Jones's Motion to Remand **[Docket No. 3]** is **DENIED.**

SO ORDERED this the  29th  day of          May         , 2026.

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**